IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| DONALD GILBREATH, ROBERT STEVE HICKS AND CAREY STRIPLING, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED | § § § § § | CIVIL ACTION NO. 6:17-cv-0618 |
| Plaintiffs | § § | COLLECTIVE ACTION PURSUANT TO 42 U.S.C. §216(b) |
| VS. | § § | |
| BROOKSHIRE GROCERY COMPANY | § § | |
| Defendant | § | JURY TRIAL DEMANDED |

**DEFENDANT'S ORIGINAL ANSWER TO PLAINTIFFS'**
**ORIGINAL COLLECTIVE ACTION COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant, BROOKSHIRE GROCERY COMPANY ("BGC") and in response to Plaintiffs' Original Collective Action Complaint, files its Original Answer.

**ANSWER**

By way of response to the specific provisions of Plaintiffs' Original Collective Action Complaint, Defendant would respectfully show as follows:

## I. INTRODUCTION

1. Defendant denies that through its employment practices that it violated the Age Discrimination in Employment Act, 28 U.S.C. § 621 *et seq.* and 28 U.S.C. § 1331.

## II. JURISDICTION AND PARTIES

2. Defendant admits that the Court has subject matter jurisdiction over this case, but denies Plaintiffs are entitled to any relief as stated in Paragraph 2 of Plaintiffs' Original Collective Action Complaint.

3. Defendant admits all allegations contained in Paragraph 3 of Plaintiffs' Original Collective Action Complaint.

4. Defendant denies all alleged unlawful employment practices occurred within 180 days of the filing of the EEOC Charges as stated in Paragraph 4.

5. Defendant admits that the EEOC issued a Notice of Right to Sue to each named Plaintiff on September 19, 2017. The EEOC misdated Don Gilbreath's Notice of Right to Sue as September 19, *2016*. Defendant does not have sufficient information to admit or deny that the named Plaintiffs received the EEOC's Notices of Right to Sue on September 21, 2017 as stated in Paragraph 5.

6. Defendant admits all allegations contained in Paragraph 6.

7. Defendant admits all allegations contained in Paragraph 7.

8. Defendant admits all allegations contained in Paragraph 8.

9. Defendant admits all allegations contained in Paragraph 9.

10. Defendant admits that the actions alleged by Plaintiffs occurred within the State of Texas, but denies any discriminatory employment practices occurred as alleged in Paragraph 10.

11. Defendant admits all allegations contained in Paragraph 11.

12. Defendant admits all allegations contained in Paragraph 12.

13. Defendant admits all allegations contained in Paragraph 13.

14. Defendant admits all allegations contained in Paragraph 14.

### III. STATEMENT OF FACTS

15. Defendant admits that it issued a statement on November 23, 2015 stating that the process for selling the company had been terminated. Defendant denies all other allegations contained in Paragraph 15.

16. Defendant admits that its parent company, Brookshire Holdings, Inc. issued a statement on November 23, 2015 stating that the process for selling the company had been terminated. Defendant denies all other allegations contained in Paragraph 16.

17. Defendant denies all allegations contained in Paragraph 17.

*Plaintiff Gilbreath*

18. Defendant admits that Plaintiff Gilbreath started for Brookshire's as an order selector in the freezer warehouse on November 11, 1984, not August 11, 1984 as alleged. Defendant admits that Gilbreath was added to the company's scholarship program and earned his MBA while employed by Defendant. Defendant does not have sufficient information to admit or deny all other allegations in Paragraph 18.

19. Defendant admits all allegations contained in Paragraph 19.

20. Defendant admits all allegations contained in Paragraph 20.

21. Defendant admits that Plaintiff Gilbreath was promoted to Grocery Warehouse Manager in 1995, not 1994 as alleged. Defendant admits all other allegations contained in Paragraph 21.

22. Defendant admits to the allegations and the approximate number of people as stated in Paragraph 22.

23. Defendant admits to the allegations and the approximate number of people as stated in Paragraph 23.

24. Defendant denies that Plaintiff Gilbreath was promoted to Director of Transportation Logistics in 2008, but admits it was in 2007.

25. Defendant admits all allegations in Paragraph 25.

26. Defendant does not have sufficient information to admit or deny when Plaintiff Gilbreath found out that Brookshire's had been pursuing a sale of the company. Defendant admits that Trent Brookshire became Mr. Gilbreath's boss's immediate boss and ultimately reported to Trent Brookshire in January 2016. Defendant denies all other allegations contained in Paragraph 26.

27. Defendant denies all allegations contained in Paragraph 27.

28. Defendant does not have sufficient information to admit or deny how Plaintiff Gilbreath felt after Trent Brookshire became his boss. Defendant denies all other allegations contained in Paragraph 28.

29. Defendant admits that Plaintiffs Gilbreath, Hicks and Stripling were all placed on a Performance Improvement Plan on April 13, 2016. Defendant denies all other allegations contained in Paragraph 29.

30. Defendant admits that Trent Brookshire told Plaintiff Gilbreath that his position was eliminated effective immediately on October 18, 2016. Defendant denies all other allegations contained in Paragraph 30.

31. Defendant denies all allegations contained in Paragraph 31.

### *Plaintiff Hicks*

32. Defendant admits to the job positions held by Plaintiff Hicks while employed by Defendant, but does not admit to the exact job titles contained in Paragraph 32. Defendant admits that Plaintiff Hicks had knowledge, but not formal training, in all the jobs contained in Paragraph 32.

33. Defendant admits that in March 2016, Trent Brookshire started questioning the warehouse Fork Lift Driver Incentive compensation program. After several meetings, it

was discovered that some fork lift drivers were cheating the system causing their pay to be inflated. Defendant further admits that on April 13, 2016, Plaintiffs Gilbreath, Stripling and Hicks were written up for the flaws in the Fork Lift Driver Incentive Compensation Program. Defendant denies all other allegations in Paragraph 33.

34. Defendant denies all allegations contained in Paragraph 34.

35. Defendant admits that in the month of July 2016, HR interviewed Plaintiff Hicks twice about an alleged incident of sexual harassment and Plaintiff Hicks denied the allegations. Defendant denies all other allegations contained in Paragraph 35.

36. Defendant denies all allegations contained in Paragraph 36.

37. Defendant denies all allegations in Paragraph 37.

38. Defendant admits that Plaintiff Hicks was terminated on October 18, 2016 when he was told that his position was being eliminated. Defendant does not have sufficient information to admit or deny what Mr. Hicks believes. Defendant denies that the elimination of Plaintiff Hicks' position was merely a pretext for discrimination based upon his age as alleged in Paragraph 38.

### *Plaintiff Stripling*

39. Defendant admits all allegations regarding Plaintiff Stripling's dates of employment and job positions with Brookshire Grocery Company, but does not admit to the exact job titles contained in Paragraph 39. Defendant does not have sufficient information to admit or deny the other allegations contained in Paragraph 39.

40. Defendant admits all allegations contained in Paragraph 40.

41. Defendant admits that Plaintiff Stripling was the oldest, most senior management personnel, as well as the highest paid employee in the grocery warehouse. Defendant denies all other allegations contained in Paragraph 41.

42. Defendant denies all allegations in Paragraph 42.

43. Defendant denies all allegations contained in Paragraph 43.

## IV.  CLAIMS FOR RELIEF

44. Defendant denies all allegations contained in Paragraph 44.

45. Defendant admits that the ADEA claims herein are brought by the Plaintiffs, but denies there are other similarly situated individuals and the validity of the claims asserted in Paragraph 45.

46. Defendant denies all allegations contained in Paragraph 46.

47. Defendant denies all allegations contained in Paragraph 47.

48. Defendant denies all allegations contained in Paragraph 48.

49. Defendant denies all allegations contained in Paragraph 49.

## IV.  COLLECTIVE ACTION ALLEGATIONS

50. Defendant denies all allegations contained in Paragraph 50.

51. Defendant denies all allegations contained in Paragraph 51.

## V.  DAMAGES

52. Defendant denies all allegations contained in Paragraph 52.

53. Defendant denies all allegations contained in Paragraph 53.

54. Defendant denies all allegations contained in Paragraph 54.

55. Defendant is not required to admit nor deny Paragraph 55.

## VI.  RELIEF REQUESTED

56. Defendant denies Plaintiffs are entitled to damages sought in items a-j as stated in Plaintiffs' Request for Relief.

57. All allegations not specifically admitted are denied.

## AFFIRMATIVE DEFENSES

1. Defendant had legitimate non-discriminatory reasons and used reasonable factors other than age for the actions taken against Plaintiffs.

    In May/June 2016, BGC engaged an outside independent expert consulting firm to conduct a study to identify business improvements and efficiencies to reduce expenses throughout the company. The independent consultant's report recommended reducing the total number of manager positions in the Logistics Department and to reduce the number of management layers where positions could be reduced without requiring substantial process changes. These positions were eliminated and this had nothing to do with an employee's age – it was a legitimate business decision to reduce the levels of management, increase efficiency and lower operational overhead/cost.

2. Plaintiffs have failed to mitigate their alleged damages.

    Plaintiffs have failed to seek and obtain other employment since their employment with Brookshire Grocery Company.

3. Defendant further asserts that Plaintiffs are limited to the statutory caps on damages for employers with 500 or more employees as set forth in 42 U.S.C. 1981(a)(b)(3).

    Defendant currently has approximately 13,578 employees.

4. Defendant asserts that Plaintiff's claims are barred by the applicable statute of limitations and that they have failed to exhaust their administrative remedies. Plaintiffs recount and describe certain actions and decisions that go back many years, even decades. Plaintiffs

did not exhaust their administrative remedies regarding any claims based on said actions or decisions. These claims would also be barred by the statute of limitations

## PRAYER

WHEREFORE, Defendant prays that Plaintiffs take nothing by reason of this suit and that Defendant be granted all other and further relief to which it may be justly entitled.

Respectfully submitted,

/s/ *Stephen M. Spitzer*
STEPHEN M. SPITZER
Lead Attorney
State Bar Card No. 18954850
sspitzer@rameyflock.com
ERIC KOLDER
State Bar Card No. 24083323
ekolder@rameyflock.com
RAMEY & FLOCK, P.C.
100 E. Ferguson, Suite 404
Tyler, Texas 75702
(903) 597-3301
(903) 597-2413 (FAX)


CLARA BURNS
State Bar Card No. 03443600
clara.burns@kempsmith.com
KEMP SMITH LAW
221 N. Kansas, Ste. 1700
El Paso, Texas 79901
(915) 533-4424
(915) 546-5360 (FAX)

ATTORNEYS FOR DEFENDANT
BROOKSHIRE GROCERY COMPANY


OF COUNSEL:

**RAMEY & FLOCK**
A Professional Corporation

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a). Therefore, this document was served on all counsel who has consented to electronic service on November 15, 2017. Local Rule CV-5(a)(3)(A).

/s/ *Stephen M. Spitzer*
STEPHEN M. SPITZER