# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| DONALD GILBREATH, ROBERT STEVE HICKA AND CAREY STRIPLING, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED; <br><br> Plaintiffs, <br><br> v. <br><br> BROOKSHIRE GROCERY COMPANY, <br><br> Defendant. | CIVIL ACTION NO. 6:17-CV-00618-RWS |

## ORDER

Before the Court is Plaintiffs Donald Gilbreath, Robert Steve Hicks and Carey Stripling's Motion for Notice to Potential Plaintiffs. Docket No. 18. On July 11, 2018, the Court heard argument on the motion. Docket No. 44. Also before the Court are Defendant Brookshire Grocery Company's motions to strike consent of Keith Bejcek, Hope Reagan and Elizabeth Pickle. Docket Nos. 24, 35 and 46. Based on the briefing and argument and for the reasons below, the Motion for Notice to Potential Plaintiffs is **GRANTED** and the Motions to Strike Consent are **DENIED**.

## BACKGROUND

Plaintiffs Donald Gilbreath, Robert Steve Hicks and Carey Stripling, individually and on behalf of all others similarly situated, filed a complaint against Defendant Brookshire Grocery Company. Docket No. 1 at 1–2. Plaintiffs and the putative class members seek relief in a collective action pursuant to 29 U.S.C. § 621 Age Discrimination in Employment Act ("ADEA"). *Id*. at 8. Plaintiffs worked as employees for Defendant and allege Defendant engaged in a pattern and practice of discriminating against individuals aged 40 or older. *Id.* at 8–9. As a result, they claim they were systematically denied fair opportunities with regard to positions, compensation

and employment due their age. *Id*. at 7. They seek to recover compensatory damages related to the alleged discrimination. *Id*. at 11-2.

## LEGAL STANDARD

The ADEA incorporates by reference the FLSA's collective action enforcement provision at 29 U.S.C. § 216(b). *See* 29 U.S.C. § 626(b). Section 216(b) of the FLSA creates a cause of action for employees against employers that are allegedly violating the overtime compensation requirements. Section 216(b) also permits an employee to bring suit on "behalf of himself . . . [a]nd other employees similarly situated." This section creates an "opt-in" scheme whereby potential plaintiffs must affirmatively notify the court of their intention to become parties to the suit. *See* 29 U.S.C. § 216(b) ("No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.").

Whether a claim should go forward as a representative action under § 216(b) depends on whether the plaintiffs are "similarly situated." District courts in the Fifth Circuit have generally adopted the *Lusardi* two-stage approach when examining this question. *See, e.g.*, *Tice v. AOC Senior Home Health Corp.*, 826 F. Supp. 2d 990, 994 (E.D. Tex. 2011) (citing *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987)). Under this approach, certification for collective action is divided into two phases: (1) the notice stage; and (2) the opt-in or merits stage. *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213–14 (5th Cir. 1995). The parties' briefing—and this Order—addresses only the initial notice stage.

In the notice stage, the court decides based on the pleadings and affidavits whether notice of the action should be given to putative class members. *Id*. This decision typically results in "conditional certification" of a representative class. *Id*. at 1214. The plaintiff bears the burden of

presenting preliminary facts showing that a similarly situated group of potential plaintiffs exist. *Mims v. Carrier Corp.*, No. 2:05-cv-206, c, at *3 (E.D. Tex. Mar. 31, 2008).

Because a motion for conditional certification usually occurs early in the case and the court has minimal evidence before it, the determination is made using a "fairly lenient" standard requiring "nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." *Mooney*, 54 F.3d at 1214, n.8 (quoting *Sperling v. Hoffmann-La Roche, Inc.*, 118 F.R.D. 392, 407 (D.N.J. 1988)). Therefore, the court should foreclose a plaintiff's right to proceed collectively only if the action relates to specific circumstances personal to the plaintiff rather than any generally applicable policy or practice. *Allen v. McWane, Inc.*, No. 2:06-CV-158, 2006 WL 3246531, at *2 (E.D. Tex. Nov. 7, 2006). But, a plaintiff need only show that its position is similar, not identical, to that of the potential plaintiffs. *Id*. While the preliminary factual showing under the first stage of *Lusardi* is "fairly lenient," it still must be based on competent evidence in order to avoid allowing unwarranted litigation. *Mims*, 2008 WL 906335 at *3. At the very least, the preliminary factual showing must be based on personal knowledge of the facts. *Tice*, 826 F. Supp. 2d at 995.

**ANALYSIS**

**I.      Conditional Certification**

In Plaintiffs' Motion for Notice to Potential Plaintiffs (Docket No. 18), Plaintiffs ask the Court to certify the following class: "All Employees of Brookshire Grocery Company over the age of 40 who were terminated and/or laid off within thirty days before or after October 16, 2016."[1] Docket No. 18 at 7. In support, Plaintiffs argue that conditional certification is appropriate because

---

[1] Both Plaintiffs' Motion for Notice to Potential Plaintiffs (Docket No. 18) and the attached proposed notice (Docket No. 18-5) reference October 16, 2016 as the defining date for the class period. However, Plaintiffs' affidavits and Defendant identify the date of Plaintiffs' terminations as October 18, 2016. The Court is unaware of any significance for the October 16, 2016 date, but finds it does not meaningfully affect the decision to conditionally certify.

the Plaintiffs and putative class members are similarly situated under the FLSA. *Id*. at 6. Plaintiffs allege they shared the same job requirements and pay provisions. *Id*.

In response, Defendant raises two objections to Plaintiffs' Motion. Defendant first argues that Plaintiffs have not made the requisite showing for conditional certification of a collective action under the FLSA. Docket No. 19 at 4. Second, Defendant argues that Plaintiffs' proposed class definition is overbroad as to job titles and company divisions. *Id*. at 7–9.

### A. Whether Plaintiffs have made the requisite showing for conditional certification

Defendant argues that Plaintiffs have not made the requisite showing for conditional certification of a collective action under the FLSA. *Id.* at 4. Defendant makes three arguments in support. First, Defendant argues that Plaintiffs have not shown that other aggrieved individuals exist. *Id*. at 4–5. Second, Defendant argues that Plaintiffs have not shown that they and other employees are similarly situated with respect to job titles and company divisions. *Id*. at 5–6. Third, Defendant argues that Plaintiffs have not shown that other employees want to opt in to this lawsuit. *Id*. at 6.

To address these arguments, Plaintiffs filed three notices of consent. Docket Nos. 21, 34 and 45. The first notice was signed by Keith Bejcek ("Bejceck"), who worked as a Category Analysis Manager in Defendant's Category Management Division, separate from the Logistics Division in which the Plaintiffs worked. Docket No. 21; *see* Docket No. 24-1 at 2. The second notice was signed by Hope Reagan ("Reagan"), who worked as a Design Supervisor in Defendant's Advertising Design Division. Docket No. 34; *see* Docket No. 35-1 at 2. The third notice was signed by Elizabeth Pickle, who worked as a Marketing Supervisor in Defendant's Marketing Division. Docket No. 45; *see* Docket No. 46-1 at 2. These notices address many of the issues identified in Defendant's brief.

As to Defendant's first argument, Plaintiffs submitted three affidavits from long-time employees describing similar, but not identical, accounts sufficient to establish that multiple aggrieved individuals exist. Docket Nos. 18-1, 18-2 and 18-3. The notices of consent further support Plaintiffs' assertions that many other employees received similar treatment. Docket Nos. 21, 34 and 45.

Defendant's second argument is that Plaintiffs cannot be similarly situated to the broad putative class sought because of Plaintiffs' narrow factual contentions concerning job duties and pay rate. Although Plaintiffs were part of senior management in the Logistics Division, their declarations sufficiently identify a factual nexus that binds the potential class together, that Defendant implemented a policy and practice of terminating older employees due to their age to improve the potential sale of the company. *See* Docket Nos. 18-1 at 1, 18-2 at 2 and 18-3 at 2.

Defendant lastly argues that Plaintiffs have not shown that other employees want to opt in to this lawsuit. The notices are sufficient proof that other employees wish to opt in to the lawsuit. Docket Nos. 21, 34 and 45.

B.  **Whether Plaintiffs' proposed class definition is overbroad**

Defendant argues that Plaintiffs' proposed class definition is improperly overbroad because Plaintiffs' allegations only describe individualized terminations. Docket No. 19 at 7–8. Instead, Defendant proposes the class should be limited to senior managers in Defendant's Logistics Division terminated by Trent Brookshire in October of 2016. *Id.* In support, Defendant cites *Diaz v. Applied Mach. Corp.*, CV H15-1282, 2016 WL 3568087, at *9 (S.D. Tex. June 24, 2016) and *Jones v. RS&H, Inc.*, 8:17-CV-54-T-24 JSS, 2017 WL 1421556, at *3–5 (M.D. Fla. Apr. 20, 2017), *reconsideration denied*, 8:17-CV-54-T-24 JSS, 2017 WL 2257129 (M.D. Fla. May 22, 2017). *Id.* In *Diaz*, however, the central issue was whether plaintiffs had sufficiently demonstrated that defendant's alleged failure to pay overtime in one location extended to other locations. *Diaz*, 2016

WL 3568087 at *9.  Because the plaintiffs all worked in one location and had not provided any evidence of a failure to pay overtime in any other location, the court limited the class to that single office.  *Id.*  Similarly, in *Jones*, the court limited an age-discrimination class to employees over 40 years old that were terminated in defendant's Tampa office during a reduction-in-force effort.  *Jones,* 2017 WL 1421556, at *4–5.  The court reasoned that no employees outside of the Tampa office showed a desire to opt-in and accordingly limited the class to the Tampa office.  *Id.*

Here, Plaintiffs allege their terminations were not just based on personal circumstances related to Trent Brookshire but connected to a larger concerted effort by Defendant to remove older employees prior to the sale of the company.  Docket Nos. 1 ¶ 46 and 18 at 3.  Unlike in *Jones*, Plaintiffs here have provided notices of consent from former employees of Defendant who worked in separate divisions than the Plaintiffs and at positions below executive management.  *See* Docket Nos. 23 at 3, 35 at 2 and 45 at 2.  These employees were also terminated during roughly the same time period as Plaintiffs as part of a reduction-in-force.  Docket Nos. 21, 34 and 45.  Plaintiffs have provided sufficient facts to support a reasonable basis to conclude that it is a policy or practice that binds the proposed class, rather than specific circumstances personal to the Plaintiffs.  *See Allen*, 2006 WL 3246531 at *2.

Accordingly, Plaintiffs satisfy the first stage of the *Lusardi* analysis, warranting conditional certification, and the conditional class shall not be limited as proposed by Defendant.

**II.     Proposed Notice**

Plaintiffs request that the Court authorize Plaintiffs' proposed notice and consent forms, allow Plaintiffs to send notices to the putative class by mail, e-mail and/or text message, and accept electronic signatures.  *See* Docket No. 18 at 6–7.  Plaintiffs also request expedited discovery for

the purpose of identifying potential plaintiffs.  *Id.*  Plaintiffs submitted a proposed notice and opt-in form.  Docket Nos. 18-5 and 18-6.

Defendant does not oppose Plaintiffs' Proposed Notice or the request for expedited discovery.  Docket No. 19.  However, Plaintiffs' Motion for Notice to Potential Plaintiffs (Docket No. 18) and the attached proposed notice (Docket No. 18-5) limits the class to employees terminated 30 days before or after October 16, 2016, whereas Plaintiffs' affidavits and Defendant identify the date of Plaintiffs' termination as October 18, 2016.  The Court is unaware of any significance for the October 16, 2016 date.

The parties are **ORDERED** to meet and confer and file within seven days of this order a joint proposed notice form in accordance with the Court's findings herein.  The parties should also confirm whether the October 16, 2016 or October 18, 2016 date shall govern for the purpose of defining the class.

## CONCLUSION

For the above reasons, Plaintiffs' Motion for Notice to Potential Plaintiffs (Docket No. 18) is **GRANTED** and Defendant's Motions to Strike Consent (Docket Nos. 24, 35 and 46) are **DENIED**.  It is hereby

**ORDERED** that the parties meet and confer to file a Joint Proposed Notice and Distribution of Notice for Court approval within **seven days**.  It is further

**ORDERED** that Defendant provide Plaintiffs' counsel with the names, dates of birth, physical and email addresses, and telephone numbers of the potential class members in accordance with the Protective Order (Docket No. 15) in this case.  Such disclosures shall occur within 20 days.

**So ORDERED and SIGNED this 18th day of September, 2018.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE